**UNITED STATES of America,**
**Plaintiff-Appellant,**

**v.**

**1,142.50 ACRES OF LAND, MORE OR LESS, IN COUNTY OF VENTURA, State of CALIFORNIA; A. R. Benning, et al., Defendants-Appellees.**

**No. 20577.**

United States District Court
S. D. California,
Central Division.

June 8, 1961.

Francis C. Whelan, U. S. Atty., Albert N. Minton and John B. Read, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellant.

Philip H. Angell, Angell, Adams, Gochnauer & Elder, San Francisco, Cal., for defendants-appellees.

684

HALL, Chief Judge.

This matter is before the Court on a motion to compel the court reporters, who reported the hearings before the Land Commissioners appointed under Rule 71A(h), to file a certified copy of the official transcript of the hearings involving the above named parcel of land with the Clerk of the Court, and for an order requiring the Clerk of the Court to transmit said copy, when filed with him, to the Court of Appeals for the Ninth Circuit, as a part of the record on appeal herein, without payment of any fees to said reporters for the use of said copy in connection with said appeal.

■ The proceedings before the Land Commissioners are not official sessions of the Court, and a court reporter is not required to be in attendance to report the proceedings under 28 U.S.C. § 753, unless a rule or order of Court is made under 753(b) (3), which provides that the official reporter shall attend "such other proceedings as a judge of the court may direct or may be required by rule or order of court or may be requested by any party to the proceeding".

It is noted that under FRCP 71A(h) no part of the provisions of the FRCP 53 concerning the proceedings before masters, are applicable to such Commissions, except as to the powers provided under subdivision (c) Rule 53, and the proceedings before it shall be governed by the provisions of paragraph (1) and (2) of subdivision (d) of Rule 53, and "Its action and report shall be determined by a majority and its findings and report shall have the effect, and be dealt with by the Court in accordance with the practice, prescribed in paragraph (2) of subdivision (e) of Rule 53", which provides inter alia that "the court shall accept the master's findings * * * unless clearly erroneous".

■ No question is concerned here of the powers of the Commission set forth under Rule 53(c), nor as to the meetings and witnesses covered by paragraphs (1) and (2) of subdivision (d) of Rule 53. But it is important to note that 71A(h) omits any reference to paragraph (1) of subdivision (e) of Rule 53, which requires that a master, "unless otherwise directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence". The order of reference did not require the commissioners to file a transcript of the proceedings or evidence but required only that the Commission report as to just compensation.

The Court need not have directed that the proceedings be reported by a court reporter, but did so and secured the approval of the employment of a court reporter pro tem so that it appears to me that the hearings before the commissioners for just compensation under the order of reference to them, were required to be reported by the order of this Court under 28 U.S.C. § 753(b) (3).

28 U.S.C. § 753(f) provides: "Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the Court subject to the approval of the Judicial Conference". No question is raised in this proceeding concerning the rate to be charged, and in view of the fact that the Court made the order directing an official court reporter pro tem to record the proceedings, no question can arise as to the requirements of the statute that the reporter shall file what is commonly known as the "Clerk's copy", with the Clerk in accordance with the requirement in 753(b).

Thus the question narrows down as to whether or not the plaintiff in this case, who has already purchased the original copy and has it in its possession, can require the Clerk of this Court to forward to the Clerk of the Ninth Circuit Court of Appeals as a part of the record on appeal, the Clerk's copy, without payment of any fees to said reporters to be used in connection with said appeal.

This practice has been the cause of much discussion among the Judges throughout the country and from time to time has engaged the attention in the Judicial Conference of the United States and its various committees. These discussions culminated in the following proceedings which transpired at the September, 1951, session of the Judicial Conference of the United States:

"Judge Parker also reported that representatives of the court reporters had informed his committee that the use by attorneys of the copies of transcript filed by them in the offices of the clerks of court in compliance with the requirements of the statute (U.S.C., Title 28, sec. 753(b)) had been the cause of unfair loss of revenue to them because of its use without charge in situations where otherwise copies would have been purchased from the reporters. They referred particularly to the use of this file copy for purposes of appeal under Rule 75 (b) and (g) of the Federal Rules of Civil Procedure. The committee had concluded that although the file copy must be filed promptly with the clerk and made freely available by him for reasonable public reference in his office, like other papers in the case, yet if it is used for purposes of appeal the reporters are justly entitled to a reasonable fee for that use.

"Accordingly, the Conference approved the recommendation of the committee that provision may be made by the district courts if they see fit that when the certified copy filed in the office of the clerk pursuant to the act is used by the parties or their attorneys in the preparation or perfection of appeals, they shall pay the reporter for that use a fee of 25 cents a page."

Thereafter, this Court pursuant to the authority of the Judicial Conference adopted the following order:

"In the United States District Court Southern District of California

| In the Matter of | Filed |
| Payment to Official | Jul – 3 1952 |
| Reporters for Use | |
| of Transcript Filed | Edmund L. Smith, |
| Under U.S.C., Title | Clerk |
| 28, Sec. 753(b) | |
| When Used for Appeal Purposes. | By Theodore Hocke Deputy Clerk |

"Pursuant to the action of the Judicial Conference September 1951 Session, (pp. 17–18) Official Reports, it is hereby

"Ordered, that when the certified Clerk's file copy of a transcript filed in the office of the Clerk pursuant to U.S. C., Title 28, Section 753(b) is used by the parties or their attorneys in the preparation or perfection of appeals under Rule 75(b) and (g) of the Federal Rules of Civil Procedure, appellants shall pay the reporter for that use a fee of 25 cents a page."

It is clear from the action of the Judicial Conference of 1951 and the order of the court just above quoted, that the motion of the United States must be denied.

The plaintiff is in no way harmed by this procedure as the plaintiff has, as noted the original transcript, which can be used by the plaintiff by sending it to the Court of Appeals for the printing of the record.

In view of the foregoing:

It is ordered that David Shipman, Kay G. Wight, Helen Salisbury and Gloria Frandle, shall file the certified copy of the official transcript of the hearings on the above mentioned parcel with the Clerk of the United States District Court, as reported by each of them, and

It is further ordered that the Clerk of the Court shall retain the same in his office and shall not transmit the same to the Clerk of the Circuit Court of Appeals for the Ninth Circuit, as a part of the record on appeal herein, without payment of any fees to said reporters

for the use of said copy in connection with said appeal, unless and until, the plaintiff pays or agrees to pay the said court reporters for that use a fee of 25 cents a page in accordance with the hereinabove quoted action of the Judicial Conference and the hereinabove quoted order of this Court.